1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| | |
|---|---|
| **DANIEL NERIO RODRIGUEZ,**<br><br>                              Petitioner,<br><br>**v.**<br><br><br>**JEH CHARLES JOHNSON,**<br>**Secretary,**<br><br>                              Respondent. | Case No. 1:15-cv-01108 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 16)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

18

19

20

21

22

        Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241 on February 23, 2015. Petitioner challenges his indefinite detainment by the Bureau of Immigration and Customs Enforcement ("ICE"). The parties have not consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

**I.      BACKGROUND**

23

24

25

26

27

28

        Petitioner is a native of El Salvador. Petitioner was taken into ICE custody on June 15, 2013, and asserts that he has been indefinitely detained since that date.  In his habeas petition, Petitioner asserts that his continued detention violated the doctrine stated by the United States Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). On September 23, 2013, Petitioner was ordered to

1

be removed from the United States. On August 18, 2015, Respondent filed a motion to dismiss the petition as moot. (ECF No. 16.) Over thirty (30) days have passed, and Petitioner has not filed a response.

## II. ANALYSIS

Respondent contends that the petition for writ of habeas corpus should be denied as moot. (ECF No. 16.) Respondent presents evidence to the Court that Petitioner was removed from the United States to El Salvador on August 12, 2015. Because a petition for habeas relief attacks issues regarding Petitioner's continued detention, this petition has become and remains moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54, 108 L. Ed. 2d 400 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action relating to his continued detention is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order to continue to seek habeas corpus relief); Picrin-Peron, 930 F.2d at 775.

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of L.A. v. Lyons, 461 U.S. 95, 101-02, 108-09 (1983). As Petitioner is no longer present in this country, there no real or immediate threat of injury of continued custody by Respondent. Petitioner's habeas petition alleging that his detention was unauthorized and unconstitutional is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009);

2

1   Abdala, 488 F.3d at 1064-65.

2   **III.**   **CONCLUSION**

3        The Petition for Writ of Habeas Corpus is moot because the petition challenges

4   only the legitimacy of Petitioner's continued detention. Petitioner has been removed from

5   the United States. He is no longer detained. There is no existing case or controversy

6   over which this Court may exercise jurisdiction. Accordingly the case is moot and it is

7   recommended that the petition be dismissed.

8   **IV.**   **RECOMMENDATION**

9        Based on the foregoing, it is HEREBY RECOMMENDED that the motion to

10  dismiss the petition for writ of habeas corpus as moot be GRANTED.

11       These Findings and Recommendations are submitted to the assigned United

12  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

13  and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

14  District of California. Within thirty (30) days after being served with a copy, Petitioner

15  may file written objections with the Court. Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

17  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

18  advised that failure to file objections within the specified time may waive the right to

19  appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

20  2014).

21
22  IT IS SO ORDERED.

23       Dated:   September 21, 2015        /s/ Michael J. Seng
24                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                           3